Argued and submitted May 31, affirmed October 5, 2022, petition for review allowed February 9, 2023 (370 Or 740)
See later issue Oregon Reports

PattyAnn LARSEN,
*Plaintiff-Appellant,*

*v.*

SELMET, INC.,
*Defendant-Respondent.*

Linn County Circuit Court
19CV34867; A175393

519 P3d 164

Plaintiff filed this action against defendant, her former employer, asserting various claims based on allergen exposure in the workplace. The trial court granted summary judgment for defendant on the basis that plaintiff was not the real party in interest. At the time of filing the action, plaintiff had recently gone through bankruptcy, such that the bankruptcy trustee was the real party in interest. Plaintiff does not challenge the summary judgment ruling against the claims that she brought in her own name, as she now acknowledges that she was not the real party in interest. However, she contends that the trial court abused its discretion when it denied her motion to substitute the bankruptcy trustee as the plaintiff. The trial court found that plaintiff did not make an honest mistake, but rather a strategic choice, in bringing the action in her own name. The court interpreted ORCP 26 A as not requiring an opportunity for substitution in such circumstances, and it exercised its discretion to deny substitution. Plaintiff contends that the court abused its discretion, including by applying the wrong legal standard and by presuming dishonesty. *Held*: The trial court did not abuse its discretion. Under ORCP 26 A, when the named plaintiff did not make an honest mistake in bringing the action in his or her own name, the trial court has discretion whether to allow substitution of the real party in interest. Here, the trial court made a finding of dishonesty—it did not presume dishonesty—and it acted within its discretion in denying substitution.

Affirmed.

Michael B. Wynhausen, Judge.

Kevin T. Lafky argued the cause for appellant. Also on the opening brief were Christopher M. Edison and Lafky & Lafky. Also on the reply brief were Amanda L. Reilly and Lafky & Lafky. Mark A. Crabtree argued the cause for respondent. Also on the brief was Jackson Lewis P.C.

Before James, Presiding Judge, and Aoyagi, Judge, and Joyce, Judge.

AOYAGI, J.

Affirmed.

**AOYAGI, J.**

After repeated allergen exposures at work, plaintiff filed this action against defendant, her former employer, for disability discrimination and worker's compensation retaliation. When she filed the action, plaintiff had recently gone through bankruptcy, such that the bankruptcy trustee, not plaintiff, was the real party in interest. On that basis, the trial court granted summary judgment for defendant on the claims that plaintiff had brought in her own name—a ruling that is not challenged on appeal. What is challenged on appeal is the trial court's denial of plaintiff's subsequent motion to substitute the bankruptcy trustee as the plaintiff in this action. That ruling was made under ORCP 26 A and was based on the court's finding that plaintiff did not make an honest mistake in bringing the action in her own name. For the reasons explained below, we conclude that the trial court did not apply the wrong legal standard or otherwise abuse its discretion in denying plaintiff's motion to substitute. Accordingly, we affirm.

FACTS[1]

In March 2018, plaintiff, who is allergic to latex, began working for defendant as a darkroom attendant. Plaintiff was repeatedly exposed to latex on the job. On February 24, 2019, she decided to pursue a civil action against defendant. She ceased working for defendant the following day. Plaintiff consulted with a law firm on March 14, 2019, regarding potential claims against defendant, and, on March 25, 2019, she entered into an official representation agreement with the law firm.

On April 12, 2019, plaintiff filed a petition for Chapter 7 bankruptcy. She was represented by different counsel in the bankruptcy. A question on the asset schedule required plaintiff to disclose any existing claims that she had against third parties, regardless of whether litigation

---

[1] Neither party has directly addressed what materials the trial court could consider in deciding the motion to substitute. Like the parties, we take the historical facts from the court's findings and from undisputed facts contained in declarations filed in connection with defendant's summary judgment motion and plaintiff's substitution motion.

had been filed or demands had been made. Plaintiff did not disclose her employment claims against defendant.

Five days later, on April 17, 2019, plaintiff, through her employment counsel, sent a demand letter to defendant. That letter included a statement that plaintiff had instructed her employment counsel "to vigorously pursue her legal rights for the unlawful conduct of [defendant] and its employees" and that employment counsel intended to file an action in state court alleging numerous claims, including disability discrimination and workers' compensation retaliation.

On July 15, 2019, the federal bankruptcy court discharged plaintiff's debts and closed the bankruptcy case.

On August 8, 2019, plaintiff filed this action against defendant in the Linn County Circuit Court, alleging disability discrimination (three claims) and workers' compensation retaliation (one claim).

Six months later, on February 6, 2020, the United States Trustee moved to reopen plaintiff's bankruptcy case to allow for administration of the claims against defendant, which had not been disclosed and therefore had not been administered. (The record appears to be silent as to how the Trustee learned of the claims.) The federal bankruptcy court granted the motion on the same day and appointed Vanessa Pancic as trustee. On February 20, 2020, plaintiff amended her bankruptcy schedules to list her claims against defendant as assets.

On August 21, 2020, in this action, defendant moved for summary judgment on multiple grounds. As relevant here, defendant argued that plaintiff's bankruptcy divested her of standing to pursue the claims in her complaint, that plaintiff was not the real party in interest, and that plaintiff was judicially estopped from bringing claims that she had not disclosed in her bankruptcy petition. In response, plaintiff argued against judicial estoppel. She also claimed that, because she amended her bankruptcy schedules on February 20, 2020, she "is a real party in interest in this case" and "has standing to proceed." At the same time, plaintiff filed a declaration by Pancic, the bankruptcy trustee, in

which Pancic asserted that the claims were the property of the bankruptcy estate.

After a hearing, the trial court granted summary judgment for defendant, ruling orally on November 18, 2020, and by written order on November 25, 2020. The court reasoned that plaintiff was not the real party in interest, given the bankruptcy proceeding, and therefore lacked standing.[2] The court gave plaintiff leave to file a motion to substitute the bankruptcy trustee—something that plaintiff had requested in the event that the court granted summary judgment.

Plaintiff thereafter moved to substitute the bankruptcy trustee as the plaintiff in this action. Defendant opposed. Plaintiff replied and filed a supplemental declaration. In her supplemental declaration, plaintiff attested that she "did not realize that the lawsuit against Defendant was an asset when [she] filed [her] bankruptcy petition on April 12, 2019"; that she "made an honest and understandable mistake when [she] filed the action without disclosing or otherwise scheduling claims against Defendant in the original bankruptcy documents"; and that, in filing the civil action, she "did not have the intent to deceive the Court."

After a hearing, the trial court denied plaintiff's motion to substitute. In doing so, the court interpreted ORCP 26 A as allowing it to deny substitution of the real party in interest if the court was not persuaded that, when plaintiff brought the action in her own name, she did so as the result of "an honest and understandable mistake." The court was not so persuaded. To the contrary, the court expressly found that, at the time of her bankruptcy filing, plaintiff intended to assert employment claims against defendant, but did not identify those claims in her bankruptcy petition, and that

---

[2] The summary judgment ruling is not before us on review, so we express no opinion on whether it was technically accurate to describe plaintiff as lacking "standing" because she was not the real party in interest. *See Feist v. Consol. Freightways Corp.*, 100 F Supp 2d 273, 275 (ED Pa 1999), *aff'd*, 216 F3d 1075 (3d Cir 2000), *cert den*, 532 US 920 (2001) (recognizing that "there is much confusion surrounding the distinction between the doctrine of standing and the principle of the real party in interest" and explaining why, in a case involving similar circumstances as this one, the issue was properly understood as one of the real party in interest, not standing).

plaintiff's "decision to exclude her employment claims in her bankruptcy petition was not an honest or understandable mistake." Or, as the court described its findings orally, plaintiff's filing of this action in her own name was "not either an excusable mistake or inadvertent" but, rather, "a calculation to discharge her debts prior to going forward with the lawsuit, and to allow herself to reap the benefits of the lawsuit while at the same time discharging her debts." The court decided not to allow substitution under the circumstances. In doing so, the court recognized that its ruling would likely "result in a bar to taking further action based on the statute of limitations."

The court entered a general judgment dismissing plaintiff's claims. This appeal followed.

## ANALYSIS

Plaintiff does not challenge the summary judgment ruling. That is, she no longer disputes that, once she filed for bankruptcy, any employment claims that she had against defendant became the property of the bankruptcy estate, making the bankruptcy trustee the real party in interest. *See generally Concienne v. Asante*, 299 Or App 490, 500, 450 P3d 533 (2019), *rev den*, 366 Or 135 (2020) ("As to legal claims that a debtor might have against third parties that are property of the estate, the bankruptcy trustee is the real party in interest to the exclusion of the debtor and has standing to pursue those claims or is entitled to abandon them."). Plaintiff's sole assignment of error is directed to the denial of her motion to substitute the bankruptcy trustee as the plaintiff in this action. Plaintiff contends that the court abused its discretion by denying substitution, particularly by applying an incorrect legal standard.

To determine whether the trial court applied the correct legal standard, we must first identify what rule or doctrine the court was seeking to apply. That is more complicated than usual in this case. Given the arguments presented to it, the trial court theoretically could have ruled under ORCP 34, ORCP 26 A, or a judicial estoppel theory—and the parties do not seem to entirely agree on appeal as to the basis for the court's ruling. In our view, however, it is apparent from the trial court's reasoning—particularly

its heavy reliance on *Feist v. Consol. Freightways Corp.*, 100 F Supp 2d 273 (ED Pa 1999), *aff'd*, 216 F3d 1075 (3d Cir 2000), *cert den*, 532 US 920 (2001)—what path the court took in deciding the motion to substitute. We understand the court to have based its decision on ORCP 26 A. We therefore do not address ORCP 34[3] or judicial estoppel.[4] We discuss only ORCP 26 A.

ORCP 26 A provides, in relevant part:

> "Every action shall be prosecuted in the name of the real party in interest. *** No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest *until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest;* and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

(Emphasis added.)

This case presents an issue of first impression as to whether there are circumstances in which ORCP 26 A allows a court to dismiss an action brought by someone other than the real party in interest without allowing substitution

---

[3] In ruling, the court did not mention ORCP 34—which pertains to substitution after a party's death or disability, a transfer of interest, or a public officer's death or separation from office—its federal analog, FRCP 25, or any case law applying ORCP 34 or FRCP 25. On appeal, plaintiff mentions ORCP 34 only in passing; defendant discusses it.

[4] After explaining that it was denying substitution based on *Feist*, the court stated that it did not seem necessary to make "further rulings on the estoppel issue," but that it was "happy to rule on that as well," and invited responses. Neither party asked for a ruling on judicial estoppel, and the hearing ended. On appeal, the parties have come to agree that there was no actual ruling on judicial estoppel, but plaintiff contends that the issue is still at play in that the trial court "clearly considered those arguments and applied judicial estoppel principles and law when making its ruling." It is fair to say that the parties did not clearly distinguish between ORCP 34, ORCP 26 A, and the doctrine of judicial estoppel in their arguments to the trial court, and some of that commingling is reflected in statements by the court. Ultimately, however, we do not understand the court to have relied on "judicial estoppel principles and law" in denying substitution. Rather, we understand it to have relied on the reasoning of *Feist*, which, as will be described shortly, turns entirely on the correct interpretation of the federal equivalent of ORCP 26 A. Accordingly, we do not address the doctrine of judicial estoppel, nor do we discuss cases cited by plaintiff—such as *Ah Quin v. Cty. of Kauai Dep't of Transp.*, 733 F3d 267 (9th Cir 2013)—that turn solely on the application of the doctrine of judicial estoppel.

of the real party in interest. Absent controlling precedent, the trial court was persuaded to adopt the standard articulated in *Feist*, a Pennsylvania federal district court decision that interpreted the analogous federal rule—Federal Rule of Civil Procedure 17 (FRCP 17)—with heavy reliance on the commentary to FRCP 17.

ORCP 26 A is based on FRCP 17(a). *Reutter v. RWS Construction Inc.*, 128 Or App 365, 369, 875 P2d 1187 (1994). The text of ORCP 26 A is substantively identical to text in FRCP 17(a). *See* FRCP 17(a)(1) ("An action must be prosecuted in the name of the real party in interest."); FRCP 17(a)(3) ("The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest."). Consequently, the commentary to FRCP 17(a) "is helpful in construing ORCP 26 A." *Reutter*, 128 Or App at 369. Further, we may consider federal case law interpreting FRCP 17(a) for its persuasive value. *See State v. Meyer*, 109 Or App 598, 602, 820 P2d 861 (1991), *rev den*, 312 Or 677 (1992) (treating federal case law on Federal Rule of Criminal Procedure 8(a) as "persuasive" in construing Oregon statutory language that was "adapted from" that federal rule, where no Oregon precedent existed).[5]

We begin with *Feist*, the federal case on which the trial court expressly relied. In *Feist*, the defendant moved

---

[5] To be clear, because the federal case law that we discuss developed *after* the enactment of ORCP 26 A, we consider it only for its persuasive value. *See OR-OSHA v. CBI Services, Inc.*, 356 Or 577, 593, 341 P3d 701 (2014) ("Court decisions that existed at the time that the legislature enacted a statute—and that, as a result, it could have been aware of—may be consulted in determining what the legislature intended in enacting the law as part of the context for the legislature's decision. That is so especially as to case law interpreting the wording of a statute borrowed from another jurisdiction. Case law published after enactment—of which the legislature could not have been aware—is another matter. That is not to say that later-decided federal cases cannot be persuasive. Decisions from other jurisdictions may carry weight, based on the force of the reasoning and analysis that supports them. But the fact that they involve similarly worded statutes, by itself, does not make those decisions controlling." (Internal citations omitted.)). We find the federal case law to be particularly persuasive here because of its focus on the commentary to FRCP 17. That commentary predates the enactment of ORCP 26 A and therefore is itself relevant context for ORCP 26 A.

to dismiss a personal-injury action after learning that the plaintiff had filed for bankruptcy shortly before filing the personal-injury action. 100 F Supp 2d at 274. The plaintiff moved to substitute the bankruptcy trustee as the real party in interest. *Id*. In ruling on the motion to substitute, the court noted that a "literal interpretation" of FRCP 17(a)(3) would require courts to allow substitution in "every case in which an inappropriate plaintiff was named." *Id*. at 275. However, looking to the commentary to FRCP 17, the court explained that the purpose of FRCP 17(a)(3) is "'to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made'" and that substitution may be denied when allowing it would not further that purpose. *Id*. at 275-76 (quoting FRCP 17 Advisory Committee Notes, 1966 Amendments). Relying on the commentary, and citing a leading treatise and supportive case law from other jurisdictions, the *Feist* court concluded that FRCP 17(a)(3) does not require a court to allow substitution of the real party in interest if the plaintiff fails to establish that "when he brought this action in his own name, he did so as the result of an honest and understandable mistake." *Id*. at 276.

The *Feist* court proceeded to apply that standard to the plaintiff's motion to substitute. The court reviewed in detail the events surrounding the plaintiff's bankruptcy proceeding and the filing of his personal-injury action, and it ultimately found that the plaintiff had failed to prove "that the filing of this case in his own name was an honest mistake."[6] *Id*. at 280. The court denied substitution, explaining that "[t]o allow a substitution where a plaintiff cannot establish that he was acting as the result of an honest mistake would contravene the purpose of [FRCP] 17(a)." *Id*. The court was not swayed by the bankruptcy trustee's contention that it was the plaintiff's creditors who would "suffer most" if substitution was denied, concluding that "the interest of Plaintiff's creditors in recovering some of the debts owed to them is not sufficient to justify substitution of the bankruptcy trustee as the real party in interest in this case." *Id*.

---

[6] Although the *Feist* court described FRCP 17(a) as requiring substitution only in the event of "an honest and understandable mistake," 100 F Supp 2d at 276, its actual holding focused on the absence of an "honest" mistake, *id*. at 280.

The trial court relied specifically on *Feist*, but we have surveyed the federal case law more broadly, and it appears that every federal court to consider the issue has interpreted FRCP 17(a)(3) as permitting consideration of the plaintiff's honesty or good faith, albeit with variations as to how that principle is articulated. As "the Advisory Committee and courts applying the rule have made clear, Rule 17(a)(3) isn't a plenary license to fix 'pleading errors' in all cases for all reasons." *In re Engle Cases*, 767 F3d 1082, 1113 (11th Cir 2014). "Read literally, Rule 17(a) would appear to require that a party *always* be given a reasonable time to substitute the real party in interest[,]" but such a literal reading "would countenance conduct in violation of the spirit of the Rules." *Esposito v. United States*, 368 F3d 1271, 1275 (10th Cir 2004) (emphasis in original).

Some courts have taken the view that FRCP 17(a)(3) permits a court to deny substitution if the court is unpersuaded that the plaintiff brought the action in his or her own name due to an "honest and understandable mistake." For example, in *Jones v. Las Vegas Metro. Police Dep't.*, 873 F3d 1123, 1128-29 (9th Cir 2017), the Ninth Circuit concluded that, where the named plaintiff made an "honest" mistake that was "not unreasonable," it was an abuse of discretion to deny substitution under FRCP 17(a)(3). *Accord Goodman v. United States*, 298 F3d 1048, 1053 (9th Cir 2002) (FRCP 17(a)(3) is "designed to avoid forfeiture and injustice when an understandable mistake has been made in selecting the party in whose name the action should be brought." (Internal quotation marks omitted.)). In *Lans v. Digital Equip. Corp.*, 252 F3d 1320, 1328-29 (Fed Cir 2001), the Federal Circuit held that the district court acted "well within" its discretion in denying substitution where the named plaintiff's actions were not "honest and understandable mistakes." And, in *Wieburg v. GTE Sw. Inc.*, 272 F3d 302, 308 (5th Cir 2001), the Fifth Circuit held that a district court needed to consider whether the named plaintiff made an "understandable mistake" before dismissing his claims without allowing substitution or joinder of the real party in interest.

Other courts have focused on whether the plaintiff acted honestly or in good faith, with less concern for whether a mistake was understandable. For example, the

Tenth Circuit's standard "focus[es] primarily on whether the plaintiff engaged in deliberate tactical maneuvering (*i.e.*, whether his mistake was 'honest'), and on whether the defendant was prejudiced thereby." *Esposito*, 368 F3d at 1276. In *Esposito*, that led the court to conclude that the district court abused its discretion by denying substitution where the named plaintiff made an "honest" mistake, regardless of whether it was an "understandable" one. *Id.* at 1277; *see also Faden v. Sam's W., Inc.*, No. 2:04CV860, 2005 WL 8177169 at *2-3 (D Utah May 31, 2005) (initially denying substitution of the bankruptcy trustee, where it appeared that the plaintiff "was not being entirely honest when she failed to disclose her claim against [the defendant] in her bankruptcy," but then allowing substitution on reconsideration, based on new evidence of an "honest" mistake).

The Second Circuit looks to whether the plaintiff acted in "bad faith" or in a "deliberate or tactical" manner—with an "honest mistake" being nothing more than one way to show that the plaintiff did not act in a "deliberate or tactical manner." *Klein ex rel. Qlik Tech., Inc. v. Qlik Tech., Inc.*, 906 F3d 215, 218, 227 (2d Cir 2018), *cert dismissed sub nom Cadian Capital Mgmt., LP v. Klein*, ___ US ___, 139 S Ct 1406 (2019) ("Rule 17(a)(3) allows substitution of the real party in interest so long as doing so does not change the substance of the action and does not reflect bad faith from the plaintiffs or unfairness to the defendants. There is no 'honest mistake' requirement beyond that."); *see also Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F3d 11, 20-21 (2d Cir 1997) ("There plainly was a mistake as to the legal effectiveness of the documents to permit AMI to sue as assignee. However, the [district] court did not refer to any evidence suggesting that the mistake itself was deliberate or tactical, and we have been pointed to no evidence that would indicate that the attempted assignments were undertaken in bad faith or in an effort to deceive or prejudice the defendants.").

As the foregoing discussion demonstrates, there is some difference of opinion among federal courts as to whether it matters for purposes of FRCP 17(a)(3) whether an honest mistake was "understandable." That difference of opinion is somewhat theoretical at present, insofar as

*Esposito* appears to be the only published case that actually involved a plaintiff who was deemed to have made an "honest mistake" that was "not understandable." It also bears noting that the commentary to FRCP 17 refers to an "honest mistake" and an "understandable mistake" somewhat interchangeably:

> "Modern decisions are inclined to be lenient when an *honest mistake* is made in choosing the party in whose name the action is to be filed—in both maritime and nonmaritime cases. The provision should not be misunderstood or distorted. It is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an *understandable mistake* has been made."

FRCP 17 Advisory Committee Notes, 1966 Amendments (emphases added; internal citations omitted).

Whether the federal courts view prejudice to the defendant as a necessary consideration in exercising discretion under FRCP 17(a)(3) is also not entirely clear. At least two courts have identified it as an important consideration. *See Esposito*, 368 F3d at 1273 (the Tenth Circuit standard "focus[es] primarily on whether the plaintiff engaged in deliberate tactical maneuvering (*i.e.*, whether his mistake was 'honest'), and on whether the defendant was prejudiced thereby"); *Fund Liquidation Holdings LLC v. Bank of America Corp.*, 991 F3d 370 (2d Cir 2021) (providing for consideration of whether substitution would prejudice the defendant or otherwise be unfair to the defendant). Few cases demonstrate the application of that consideration, however, and some cases do not mention it at all. Meanwhile, some courts have expressly considered prejudice to the plaintiff, to the real party in interest, or to the plaintiff's creditors. *Compare Feist*, 100 F Supp 2d at 280 (deciding that "the interest of Plaintiff's creditors in recovering some of the debts owed to them is not sufficient to justify substitution of the bankruptcy trustee as the real party in interest in this case"), *with Cantebury v. Federal-Mogul Ignition Co.*, 483 F Supp 2d 820, 827 (SD Iowa 2007) (allowing substitution of the bankruptcy trustee, even if the plaintiff acted dishonestly, based on the court's weighing of the interests of the plaintiff, the bankruptcy trustee (who "was not aware of the claims until after the statute of limitations had expired"), the plaintiff's

creditors, and the defendant); [7] *see also Wilburg*, 272 F3d at 308-09 (indicating that, on remand, the district court should consider the effect of dismissal on the plaintiff's creditors, in deciding whether to allow the bankruptcy trustee to substitute or join).

To summarize what we have gleaned from our review of the federal case law on FRCP 17(a)(3), it appears to be universally agreed that, when the plaintiff acted dishonestly in bringing an action in his or her own name, the district court has discretion whether to allow substitution of the real party in interest. There are variations in how the standard is articulated, in terms of what is necessary to trigger a mandatory substitution opportunity. Some courts refer to an "honest and understandable mistake," other courts require only an "honest mistake," and at least one circuit focuses on an absence of "bad faith" or tactical maneuvering. There are also variations in how courts discuss prejudice and how it affects the exercise of discretion in individual cases.

With the federal case law in mind, we return to the present case. To recap what happened here: The trial court interpreted ORCP 26 A as allowing it to deny substitution of the real party in interest if the court was not persuaded that, when plaintiff brought the action in her own name, she did so as the result of an "honest and understandable mistake." The court expressly found that, at the time of her bankruptcy filing, plaintiff intended to assert employment claims against defendant, but did not identify those claims in her bankruptcy petition, and that plaintiff's "decision to exclude her employment claims in her bankruptcy petition was not an honest or understandable mistake." The court

---

[7] *Cantebury* is the only case we have found in which a court decided to allow substitution notwithstanding dishonesty by the plaintiff. The next closest case is *Posley v. Clarian Health*, No. 1:11-cv-01511-TWP-MJD, 2012 WL 3886328 (SD Ind 2012), a case cited by plaintiff, which contains fairly strong pro-substitution *dicta*. *See id*. at *1 ("The inclination to be lenient when an honest mistake is made falls far short of prohibiting ratification except when an honest mistake is made."). However, the actual ruling in *Posley* turned on the fact that the plaintiff filed for bankruptcy *after* filing her employment action, such that her "only choice was to file the lawsuit in her own name"—it was "not a mistake, honest or otherwise" and "was not a deceitful or strategic decision at the time of filing." *Id*. at *3.

then exercised its discretion to deny substitution. In doing so, the court recognized that its ruling would likely "result in a bar to taking further action based on the statute of limitations," evincing its consideration of the prejudice to plaintiff and her creditors. The question is whether the court abused its discretion, particularly by applying an incorrect legal standard.

We conclude that the trial court did not abuse its discretion by denying substitution. We disagree with plaintiff that the court applied the wrong legal standard under ORCP 26 A. Plaintiff focuses particularly on whether an honest mistake must be "understandable," whether the court "presumed" dishonesty, and whether substitution must be allowed absent prejudice to the defendant, so we do the same.

As a preliminary matter, we note that we have not found a single published case in which a federal court has interpreted FRCP 17(a)(3) to require substitution in every case, or to require substitution when the plaintiff acted dishonestly, and we see no reason to adopt such an interpretation of ORCP 26 A. We agree with the trial court that, under ORCP 26 A, the court had discretion whether to allow substitution if it was unpersuaded that plaintiff made an "honest mistake."

Here, the court was unpersuaded that plaintiff made an honest mistake. It found that plaintiff acted neither honestly nor understandably in bringing this action in her own name. Plaintiff argues that the court improperly relied on a "presumption of deceit," essentially presuming dishonesty because it did not consider the mistake to be understandable. It is certainly true that someone may be more skeptical that a person made an honest mistake if the person's claimed state of mind seems unreasonable. However, ultimately, we understand the trial court to have relied on the specific evidence in this record and reasonable inferences from the timing of particular events to find that plaintiff's attestations of good faith and ignorance were not credible. Credibility determinations often depend on such circumstantial evidence. We understand the court to have

made a finding, not a presumption, that plaintiff did not make an honest mistake.[8]

Because the trial court found that plaintiff's conduct was *neither* an honest mistake *nor* understandable, we decline to opine in hypothetical terms as to how much discretion a court would have to deny substitution if the plaintiff made an honest-but-not-understandable mistake. That is, we do not necessarily agree with the trial court (or *Feist*) that ORCP 26 A requires an "honest and understandable mistake" before the court is required to provide a substitution opportunity. An "honest mistake" might be enough to trigger the rule, even if it is not an understandable one. There is very little case law on honest-but-not-understandable mistakes, however, and we are disinclined to grapple with that hypothetical scenario in a case in which it does not affect the result. Whereas dishonest conduct is necessarily not "understandable," an honest mistake may be understandable or not understandable, and we will resolve the nuances of ORCP 26 A as applied to honest mistakes if and when we are presented with a case involving an honest mistake. This is not that case.

As for prejudice, it is certainly appropriate for a trial court to consider prejudice—including prejudice to the real party in interest from denying substitution, and prejudice to the defendant from granting substitution—in deciding whether to dismiss a claim under ORCP 26 A without allowing substitution. When the real party in interest is a bankruptcy trustee, the court should also consider prejudice to the plaintiff's creditors, as they are the real parties in interest in a practical sense, as well as to the plaintiff, who could still benefit from the litigation if it were to result in a damages award greater than the plaintiff's unpaid debts. Indeed, given the nature of a motion to substitute the real

---

[8] Plaintiff also takes the position that, in ruling on her motion to substitute, the trial court was obligated to view the record in the light most favorable to her, *i.e.*, was required to accept the attestations in her supplemental affidavit. Plaintiff offers little explanation for that position, beyond analogizing to the summary judgment standard. But plaintiff is challenging the denial of a motion to substitute, not the grant of summary judgment. Moreover, the summary judgment standard favors the nonmoving party, and plaintiff was the moving party on substitution. In any event, such an approach would be impossible to square with the FRCP 17 case law and the principles underlying it.

party in interest, it is difficult to imagine any court deciding such a motion *without* considering those realities, at least implicitly. We disagree with plaintiff, however, that established prejudice to the defendant is a necessary predicate to denying substitution. That is, under ORCP 26 A, when the plaintiff acts dishonestly in bringing an action in her own name, the court has discretion whether to allow for substitution, even in the absence of established prejudice to the defendant.

In this case, the parties' arguments both in the trial court and on appeal have centered almost entirely on (1) identifying the applicable legal standard and its contours, and (2) the factual issue as to whether plaintiff made an honest mistake. Plaintiff has not meaningfully developed any argument that, even if she acted dishonestly, it was an abuse of discretion on this particular record to deny substitution. Unlike some substitution cases, the bankruptcy trustee never took a definitive position as to whether she intended to pursue these claims on behalf of plaintiff's creditors, making plaintiff's assertion of prejudice to her creditors inherently more speculative. Moreover, plaintiff never made any arguments to the trial court regarding her specific creditors, the amounts owed to them, the likelihood that plaintiff herself would benefit from any civil recovery once her creditors were paid,[9] or any other case-specific prejudice arguments, other than asserting a lack of prejudice to defendant.[10]

We are unpersuaded that the mere fact that the real party in interest is a bankruptcy trustee (who may or may not pursue the claims), coupled with a lack of established prejudice to the defendant, deprives the court of any discretion with respect to whether to allow substitution. There is always a real party in interest involved, and the prejudice analysis should be conducted in a case-specific manner. On this record, and given the arguments that were made, we

---

[9]  Plaintiff sought to recover $450,000 in damages in this action. According to an exhibit that defendant included in its summary judgment filing—which no one cited in relation to the substitution motion—plaintiff reported $110,135 in debts (to a total of approximately 100 creditors) when she filed for bankruptcy.

[10]  In opposing substitution, defendant did not identify any specific prejudice from its being in litigation with the wrong party for the length of time that it was.

are unpersuaded that the trial court abused its discretion in weighing the various considerations as it did and ultimately deciding to deny substitution. The court might have had discretion to allow substitution—we express no opinion on that issue—but it did not abuse its discretion by denying it.

Affirmed.