No. 28          October 12, 2023          457

IN THE SUPREME COURT OF THE
STATE OF OREGON

Pattyann LARSEN,
*Petitioner on Review,*

*v.*

SELMET, INC.,
*Respondent on Review.*

(CC 19CV34867) (CA A175393) (SC S069895)

On review from the Court of Appeals.*

Argued and submitted June 22, 2023.

Kevin T. Lafky, Lafky & Lafky, Salem, argued the cause and filed the brief for petitioner on review. Also on the brief was James P. Francis, Salem.

Mark A. Crabtree, Jackson Lewis, P.C., Portland, argued the cause and filed the brief for respondent on review.

Stephen A. Raher, Leonard Law Group LLC, Portland, filed the brief for *amici curiae* Oregon's Chapter 7 Bankruptcy Trustees. Also on the brief was Justin D. Leonard, Portland.

Before Flynn, Chief Justice, and Duncan, Garrett, DeHoog, Bushong, and Masih, Justices, and Nakamoto, Senior Judge, Justice pro tempore.**

BUSHONG, J.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

_____

\* Appeal from Linn County Circuit Court, Michael B. Wynhausen, Judge. 322 Or App 227, 519 P3d 164 (2022).

\*\* James, J., did not participate in the consideration or decision of this case. Walters, Senior Judge, Justice pro tempore, participated in oral argument, but did not participate in the consideration or decision of this case.

**BUSHONG, J.**

In this civil case, we must determine the appropriate standard for deciding a motion to substitute the real party in interest as the plaintiff under ORCP 26. Plaintiff filed employment discrimination and other claims against her former employer shortly after her debts had been discharged by the federal bankruptcy court, but she had failed to list those claims as assets in her bankruptcy case. The trial court granted defendant's motion for summary judgment, concluding that the bankruptcy trustee—not plaintiff—was the real party in interest. The court then denied plaintiff's motion to substitute the bankruptcy trustee as the plaintiff and dismissed the case based on its conclusion that plaintiff's attempt to pursue this action in her own name was not an "honest and understandable mistake." The Court of Appeals affirmed, concluding that the trial court had not abused its discretion in denying substitution. *Larsen v. Selmet, Inc.*, 322 Or App 227, 242, 519 P3d 164 (2022).

We allowed review and now reverse. Under ORCP 26 A, a motion to substitute the real party in interest as the plaintiff, if granted, would require plaintiff to amend the complaint under ORCP 23 A. We have interpreted the standard specified in that rule—leave to amend "shall be freely given when justice so requires"—to mean that leave to amend should be granted absent any unfair prejudice to the nonmoving party. The text, context, and legislative history of ORCP 26 A confirm that the standards governing leave to amend the pleadings under ORCP 23 A also apply in deciding whether to allow substitution of the real party in interest under ORCP 26 A. Defendant does not contend that it would be unfairly prejudiced if the bankruptcy trustee were to be substituted as the plaintiff in this case. We conclude that, because the trial court applied the wrong legal standard, it abused its discretion in denying substitution and dismissing this case.

## I.   FACTS AND PROCEEDINGS BELOW

We take the historical facts from the trial court's findings and from the undisputed facts contained in the record on defendant's summary judgment motion and

plaintiff's motion to substitute, as summarized by the Court of Appeals.

A.  *Historical Facts*

Plaintiff, who is allergic to latex, alleged that she was repeatedly exposed to the material while working for defendant. *Larsen*, 322 Or App at 228. On February 24, 2019, plaintiff decided to pursue a civil action against defendant, and she stopped working for defendant the following day. Plaintiff consulted with a law firm specializing in employment law and entered into an official representation agreement with the firm in March. *Id.*

On April 12, 2019, plaintiff—represented by a different lawyer, one who specializes in bankruptcy law—filed a petition for Chapter 7 bankruptcy. Under federal bankruptcy rules, plaintiff was required to disclose on her asset schedule any existing claims that she had against third parties, regardless of whether litigation had been filed or demands had been made, but she did not disclose her employment claims against defendant. *Id.* at 228-29.

On April 17, 2019—five days after plaintiff had filed the bankruptcy petition—plaintiff's employment counsel sent a demand letter to defendant, stating that plaintiff intended to file an action in state court alleging numerous claims, including disability discrimination and workers' compensation retaliation. *Id.* at 229.

On July 15, 2019, the federal bankruptcy court discharged plaintiff's debts and closed her bankruptcy case. Shortly thereafter, on August 8, 2019, plaintiff filed the current action against defendant in circuit court, alleging three claims of disability discrimination and one claim of workers' compensation retaliation. *Id.*

Six months later, the United States Trustee moved to reopen plaintiff's bankruptcy case to allow for administration of the claims against defendant. The federal bankruptcy court granted the motion and appointed Vanesa Pancic as trustee. On February 20, 2020, plaintiff amended her bankruptcy asset schedule to list her claims against defendant as assets. *Id.*

B.  *Procedural Facts*

In this case, defendant moved for summary judgment on August 21, 2020—six months after plaintiff had amended her bankruptcy schedule—contending, among other things, that plaintiff's bankruptcy filing had divested her of standing to pursue the claims in her complaint, that plaintiff was not the real party in interest, and that plaintiff was judicially estopped from bringing claims that she had not disclosed in the original asset schedule filed in the bankruptcy court. *Id.*

Plaintiff responded by arguing against judicial estoppel and claiming that, because she had amended her bankruptcy schedule, she "[was] a real party in interest in this case" and "ha[d] standing to proceed." Plaintiff also filed a declaration by Pancic, the bankruptcy trustee, in which Pancic asserted that the claims were the property of the bankruptcy estate. *Id.* at 229-30.

The trial court granted summary judgment, concluding that plaintiff was not the real party in interest and lacked standing. The court granted plaintiff's request for leave to file a motion to substitute, and plaintiff filed a motion to substitute the bankruptcy trustee as plaintiff in this action. After defendant responded, opposing the motion, plaintiff filed a supplemental declaration in reply, in which she attested that she "did not realize that the lawsuit against Defendant was an asset when [she] filed [her] bankruptcy petition" and that she had "made an honest and understandable mistake" and "did not have the intent to deceive the Court." *Id.* at 230.

The trial court denied plaintiff's motion to substitute. In doing so, the court interpreted ORCP 26 A[1]—which

---

[1] ORCP 26 A provides:

"Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, conservator, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that party's own name without joining the party for whose benefit the action is brought; and when a statute of this state so provides, an action for the use or benefit of another shall be brought in the name of the state. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for

requires that every action be prosecuted in the name of the real party in interest—as allowing the court to deny substitution of the real party in interest if the court was not persuaded that the plaintiff made "an honest and understandable mistake." *Id.* The court decided not to allow substitution because it believed that plaintiff's filing of the action in her own name was "a calculation to discharge her debts prior to going forward with the lawsuit, and to allow herself to reap the benefits of the lawsuit while at the same time discharging her debts." The court entered a general judgment dismissing plaintiff's claims. *Id.* at 231.

Plaintiff appealed. Her sole assignment of error on appeal addressed the denial of her ORCP 26 A motion to substitute the bankruptcy trustee as the plaintiff, and she contended that the trial court abused its discretion by denying substitution and dismissing the case. Plaintiff argued that she had made an honest and understandable mistake when she did not include her employment claims as assets in her bankruptcy schedules.

In response, defendant argued that the trial court's determination was an appropriate exercise of the court's discretion under ORCP 34, which provides the trial court with discretion to allow party substitutions. Defendant argued that it would not have been objectively difficult for plaintiff to determine that the bankruptcy estate was the correct party to bring the employment action, particularly given that plaintiff was represented by counsel at every step and had an affirmative duty to disclose potential claims in her bankruptcy petition.

Plaintiff replied, arguing that the trial court had applied an incorrect legal standard in denying substitution. She also contended that the trial court had failed to focus its inquiry on whether she had engaged in deliberate tactical maneuvering and that the court failed to consider that she had reopened her bankruptcy matter before defendant raised the issue of standing without gaining any benefits

---

ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

from her omission. Plaintiff contended that that proved that her omission had been an honest mistake.

## C. *The Court of Appeals Decision*

The Court of Appeals affirmed the trial court, applying ORCP 26 A without reaching defendant's arguments under ORCP 34 or the issue of judicial estoppel. *Larsen*, 322 Or App at 232. After broadly surveying federal case law and applying the standard articulated in *Feist v. Consolidated Freightways Corp.*, 100 F Supp 2d 273 (ED Pa 1999), *aff'd*, 216 F3d 1075 (3d Cir 2000), *cert den*, 532 US 920 (2001), in addressing the analogous federal rule, FRCP 17(a)(3),[2] the court concluded that the trial court had discretion to deny substitution and dismiss the action if it was not persuaded that the plaintiff had made an "honest mistake." *Larsen*, 322 Or App at 233-35, 239.

The court affirmed the trial court's conclusion that plaintiff in this case had not made an honest mistake, and concluded that, when a plaintiff acts "dishonestly" in bringing an action in her own name, the trial court has discretion under ORCP 26 A to deny substitution and dismiss the case "even in the absence of established prejudice to the defendant." *Id.* at 240-41. Plaintiff petitioned for review, which we allowed.

## II.   ANALYSIS

At the threshold, we must determine the applicable standard of review. In reviewing a court's denial of leave to amend under ORCP 23 A, we have applied an abuse of discretion standard. *Eklof v. Persson*, 369 Or 531, 537, 508 P3d 468 (2022). Under ORCP 26 A, a motion to substitute the real party in interest as the plaintiff, if granted, would require a plaintiff to amend the complaint under ORCP 23 A. Thus, because ORCP 23 A is implicated through a

---

[2]  FRCP 17(a)(3) provides:

"*Joinder of the Real Party in Interest.* The court may not dismiss an action for failure to prosecute in the name of the real party in interest *until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action.* After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest."

(Emphases added.)

plaintiff's ORCP 26 A motion to substitute, we review a court's denial of leave to substitute a real party in interest as plaintiff for abuse of discretion, just as we would review a court's denial of leave to amend. That discretion is bounded by the text of ORCP 26 A, which directs that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for *** substitution of[] the real party in interest[.]" The meaning of the text of ORCP 26 A is an issue of statutory interpretation, which we resolve by our usual method, looking to the rule's text and context, along with its legislative history to the extent we deem appropriate. *Eklof*, 369 Or at 539 (applying standard in interpreting ORCP 23 A). We begin with the text of ORCP 26 A.

## A. *Textual Analysis and the Parties' Contentions*

The critical text of ORCP 26 A, quoted above, precludes dismissal of an action on the ground that it has not been brought in the name of the real party in interest until "a reasonable time" is given for substitution of the real party in interest. Defendant did not seek dismissal on the ground that plaintiff did not seek substitution within a "reasonable time," and the courts below did not address the timing of plaintiff's request. Aside from the timing of the request, ORCP 26 A does not specify the standards a court must apply in deciding whether to dismiss or allow substitution of the real party in interest. And notably, the rule does not describe the procedural steps a party must follow if a court decides to allow substitution of the real party in interest.

Plaintiff and *amici* bankruptcy trustees contend that the absence of a standard in ORCP 26 A means that a trial court must grant a request for substitution as a matter of course if the request is made within a "reasonable time." Alternatively, they contend that we should adopt the test used by the Second Circuit in *Klein v. Qlik Technologies, Inc.*, 906 F3d 215 (2d Cir 2018), in applying FRCP 17(a)(3), and the judicial estoppel principles articulated by the Ninth Circuit in *Ah Quin v. County of Kauai Dept. of Transp.*, 733 F3d 267 (9th Cir 2013). Those federal cases, they argue, require the court to focus on whether substitution would be

prejudicial to defendant, not on whether plaintiff had made an honest or understandable mistake.

In response, defendant agrees that we should interpret ORCP 26 A in the same way the federal courts have interpreted FRCP 17(a)(3), but defendant contends that the test applied by the federal district court in *Feist* and adopted by the courts below in this case is the appropriate standard, and that judicial estoppel principles are irrelevant to the inquiry under ORCP 26 A.

We disagree with the contention by plaintiff and *amici* that a timely request for substitution must be granted as a matter of course, because, as explained below, ORCP 26 A, read in context of the Oregon Rules of Civil Procedure, allows courts, in their discretion, to deny substitution and dismiss the case if granting leave to substitute would be unfairly prejudicial to the opposing party. It is not necessary for us to address the standards applied by federal courts in deciding whether to allow substitution of the real party in interest under FRCP 17(a), because our analysis of the text, context, and legislative history of ORCP 26 A leads us to resolve this case under existing Oregon law. We turn to the rule's context.

B.  *Context of ORCP 26 A*

In construing ORCP 23 A in *Eklof*, we noted that that rule "operates within the context of a larger structure of pleading standards and procedures set forth in the Oregon Rules of Civil Procedure." 369 Or at 540. The same is true of ORCP 26 A. Because ORCP 26 A does not specify the standards or procedural steps for substituting the real party in interest as the plaintiff, we begin by looking to other rules within that "larger structure."

Under ORCP 13 B, the complaint is a required pleading, and ORCP 16 A requires the caption of the complaint to include "the names of all the parties[.]" *See also* ORCP 16 B (stating that, unless a party is allowed to use a pseudonym, each party "must be identified [in a pleading] by the party's name"). Thus, if the real party in interest—here, the bankruptcy trustee—is to be substituted for the plaintiff named in the original complaint, the complaint

must be amended to name the bankruptcy trustee as the new plaintiff. Amending a complaint is governed by ORCP 23 A, which states that a party can amend a pleading once as a matter of course before a responsive pleading is served or within 20 days if no responsive pleading is permitted. Otherwise, "a party may amend the pleading only by leave of court or by written consent of the adverse party[.]" ORCP 23 A. That rule states the standard for deciding whether to grant leave to amend absent consent of the adverse party: "[L]eave shall be freely given when justice so requires."

We have interpreted that standard to mean that leave to amend should be granted unless allowing the amendment would be unfairly prejudicial to the nonmoving party. *See Eklof*, 369 Or at 538 (stating that "the key inquiry driving the exercise of discretion under ORCP 23 A is the extent of prejudice to the adverse party"); *C.O. Homes, LLC v. Cleveland*, 366 Or 207, 216, 460 P3d 494 (2020) ("[T]he gravamen of the inquiry is whether allowing a pretrial amendment would unduly prejudice the opposing party."). Focusing on prejudice to the adverse party is consistent with ORCP 12 B ("The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party."), and allowing substitution absent unfair prejudice instead of dismissing the action is consistent with ORCP 1 B ("These rules shall be construed to secure the just, speedy, and inexpensive determination of every action.").

Other rules are somewhat helpful as context even though they do not directly apply to the situation presented here. For example, the rules governing joinder demonstrate a preference for amending the pleadings over dismissal. ORCP 28 A describes the circumstances in which persons "may join in one action as plaintiffs"; ORCP 29 A describes the circumstances in which joinder is required; and ORCP 30—which addresses misjoinder and nonjoinder of parties—provides that misjoinder "is not ground for dismissal" and that parties "may be dropped or added by order of the court *** on such terms as are just." Those rules are not directly applicable because the issue in this case is *substitution* of a party, not *joinder* (or misjoinder or nonjoinder)

of a party.[3] But they do suggest that substitution, like join-der, is preferred over dismissal of the action.

The rule that addresses *substitution* of parties (including a substitution based on a transfer of the original party's interests), ORCP 34, provides similar guidance. ORCP 34 E states that, "[i]n case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." By filing a petition in bank-ruptcy, plaintiff's "interest" in the action is, as a matter of federal law, effectively transferred to the bankruptcy trustee by operation of bankruptcy law. *See* 11 USC § 541(a)(1) (upon filing petition in bankruptcy, claims become prop-erty of the bankruptcy estate); 11 USC § 323(a), (b) (trustee becomes real party in interest of claims upon filing a bank-ruptcy petition). That suggests that the bankruptcy trustee could be "substituted in the action" under either ORCP 26 A or ORCP 34 E. ORCP 34 G describes, in part, the procedure to be followed, stating that a motion for substitution "may be made by any party, *** or the successors in interest of the transferor[,]" but the rule itself does not describe the stan-dards by which a motion for substitution should be decided.

Again, however, substitution of a party as plaintiff—whether it is an ORCP 26 A substitution of the bankruptcy trustee as the real party in interest or an ORCP 34 E substi-tution of the bankruptcy trustee as the successor in interest by operation of law—would require the filing of an amended complaint. Thus, the text and context of ORCP 26 A sug-gest that the standard for addressing a motion for leave to amend the complaint under ORCP 23 A should also apply to a request to substitute the real party in interest as the plaintiff. We turn to the legislative history of ORCP 26 A to see whether that sheds any additional light on the intent of the drafters of that rule.

---

[3] "Joinder" under ORCP 28 refers to multiple persons who "join in one action" as either plaintiffs or defendants, while "substitution" under ORCP 34 involves replacing an existing party with a new party. Similarly, "misjoinder" under ORCP 30 refers to the joinder of a party who should not have been joined, while "nonjoinder" refers to the failure to join a party who should have been joined. *See* Charles Alan Wright *et al*, 7 *Federal Practice and Procedure* § 1683, 509 (4th ed 2019) (defining "misjoinder" and "nonjoinder").

C.   *Legislative History*

ORCP 26 A was drafted by the Council on Court Procedures (CCP) as part of the promulgation of the Oregon Rules of Civil Procedure in 1978. Those rules were adopted by the legislature in 1979 and took effect on January 1, 1980. ORCP 26 replaced and expanded on *former* ORS 13.030 (1979), *repealed by* Or Laws 1979, ch 284, § 199.[4] In describing ORCP 26 A, the CCP stated that "[a]n objection of lack of a real party in interest is raised by a motion to dismiss or responsive pleading under Rule 21, but this rule directs the court to allow any defect to be cured by ratification, joinder, or amendment *rather than dismiss the case.*" Exhibit D, House Committee on Judiciary, HB 3131, Mar 1, 1979 (Council on Court Procedures: Summary of Rules 22 and 24-34) (emphasis added). CCP later confirmed that the rule "is based upon Federal Rule 17(a) but is generally the same as [*former*] ORS 13.030." Council on Court Procedures, Staff Comment to Rule 26, *reprinted in* Frederic R. Merrill, *Oregon Rules of Civil Procedure: A Handbook* 51 (1981).

Professor Frederic Merrill from the CCP testified in the legislature that ORCP 26 was based on "the federal version of the real party in interest rule." Tape Recording, House Committee on Judiciary, HB 3131, Mar 1, 1979, Tape 15, Side 2 (statement of Professor Frederic Merrill). He also stated that

"the reason the federal version was used was primarily the last sentence, which provides a rational way of dealing with real party in interest objections. Under the existing law, you can have a real party in interest objection leading to a dismissal of a case. Although it is raised by a motion to dismiss under Rule 21, the treatment of it is under this rule and the court is required to allow reasonable time to

---

[4] *Former* ORS 13.030 (1979) stated:

"Every action or suit shall be prosecuted in the name of the real party in interest, except that an executor or an administrator, a trustee of an express trust, or a person expressly authorized to sue by statute, may sue without joining with him the person for whose benefit the action or suit is prosecuted. A person with whom, or in whose name a contract is made for the benefit of another, is a trustee of an express trust within the meaning of this section. This section does not authorize the assignment of a thing in action not arising out of contract."

> correct what is *essentially a technical defect rather than dismiss the case*. The problem, of course, being that if a case got dismissed on this basis you may have a limitations difficulty, *and it would be rather unfair to have someone lose their rights because of a technical deficiency in naming the plaintiff.*"

*Id.* (emphases added). That statement shows that the CCP intended that courts apply ORCP 26 leniently and liberally to substitute real parties in interest instead of dismissing cases altogether.

In *Eklof*, we noted that the legislative history of ORCP 23 A showed that that rule had been modeled in part on FRCP 15(a) (1976). 369 Or at 540. Accordingly, in interpreting ORCP 23 A, we "turn[ed] to Supreme Court cases interpreting FRCP 15(a) prior to the promulgation of the Oregon Rules of Civil Procedure in 1978." *Id.* at 541. The same analytical approach leads us to look to Supreme Court cases interpreting FRCP 17(a)—the federal rule that is analogous to ORCP 26 A—before the promulgation of the Oregon Rules of Civil Procedure in 1978. Two cases provide some guidance.

In *United States v. Aetna Casualty & Surety Co.*, 338 US 366, 381, 70 S Ct 207, 94 L Ed 171 (1949), the Court stated that FRCP 17(a), promulgated in 1937, "was taken almost verbatim from Equity Rule 37."[5] However, the provision prohibiting dismissal until a reasonable time has been allowed for substituting the real party in interest was not included in the original rule; that provision was added in 1966 "simply in the interests of justice." FRCP 17(a) Notes of Advisory Committee on 1966 amendments, *reprinted in* James Wm. Moore, 4 *Moore's Federal Practice*, § 17App04[2], § 17App-5 (3d ed 2018). That provision was meant to "keep[] pace with the law as it [was] actually developing," because decisions around that time were becoming more lenient when an honest mistake was made in choosing the party

---

[5] FRCP 17(a) differs from Equity Rule 37 in one respect. Equity Rule 37 stated that a party had to be "expressly" authorized by statute to sue in its own name without joining the person for whose benefit the action was brought, whereas FRCP 17(a) does not require "express" authorization. FRCP 17(a) 1937 Notes of Advisory Committee on Rules, *reprinted in* James Wm. Moore, 4 *Moore's Federal Practice*, § 17App01[2], § 17App-1 (3d ed 2018).

in whose name the action was to be filed. *Id.* The Advisory Committee also stated that the 1966 addition was "intended to insure against forfeiture and injustice—in short, to codify in broad terms the salutary principle of *Levinson v. Deupree*, 345 US 648, [73 S Ct 914,] 97 L Ed [2d] 1319 (1953)." *Id.*

In *Levinson*, the administrator of the decedent's estate filed a wrongful death action in federal court sitting in admiralty after the decedent was killed in a boat collision. The district court dismissed the action because the administrator had filed the lawsuit at a time when his appointment was void, and the court declined to allow the administrator to amend the complaint after the administrator's appointment became valid, concluding that, under Kentucky law, such an amendment would not relate back so the claim was barred by the applicable statute of limitations. 345 US at 649-50. The Court of Appeals reversed, and the Supreme Court affirmed the Court of Appeals, holding that the motion to amend was governed not by Kentucky law, but by Rule 23 of the Rules of Practice in Admiralty and Maritime Cases, which would have allowed the amendment.[6] *Id.* at 652. The Court explained that a federal court sitting in admiralty was not "imprisoned by procedural niceties [of state law] relating to amendments of pleadings." *Id.* at 651.

The history of FRCP 17(a) before the promulgation of the Oregon Rules of Civil Procedure in 1978 provides some helpful, but somewhat conflicting, guidance. On the one hand, the Advisory Committee notes to the 1966 amendments suggest that the federal rule was designed to prevent dismissal "when an honest mistake has been made." On the other hand, by stating that the rule was intended to "codify in broad terms the salutary principle" of *Levinson*—which involved leave to amend a pleading—the Advisory

---

[6] Rule 23 of the Admiralty Rules stated:

"In all informations and libels in causes of admiralty and maritime jurisdiction, amendments in matters of form may be made at any time, on motion to the court, as of course. New counts may be filed, and amendments in matters of substance may be made, on motion, at any time before the final decree, on such terms as the court shall impose. Where any defect of form is set down by the respondent or claimant upon special exceptions, and is allowed, the court may, in granting leave to amend, impose terms on the libellant."

Rule 23, Rules of Practice in Admiralty and Maritime Cases, *reprinted in* James Wm. Moore, 29 *Moore's Federal Practice*, § 701.04[3], § 701-59 (3d ed 2018).

Committee may have intended that the standards governing leave to amend should be applied in addressing a motion to substitute the real party in interest.

The Advisory Committee note to the 1966 amendments to FRCP 15—which, like ORCP 23, addresses amendments to pleadings—provides some additional support for lenient amendment over dismissal. That note states:

> "The relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier. Again the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs. Also relevant is the amendment of Rule 17(a) (real party in interest). To avoid forfeitures of just claims, revised Rule 17(a) would provide that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed for correction of the defect in the manner there stated."

FRCP 15 Notes of Advisory Committee on 1966 amendments, *reprinted in* James Wm. Moore, 3 *Moore's Federal Practice*, § 15App04[2], § 15App-7 (3d ed 2018). Thus, the Advisory Committee that proposed amendments to the federal rules in 1966 saw the connection between the rule on amending the pleadings (FRCP 15) and the real party in interest rule (FRCP 17(a)) and suggested that correcting a "defect" in naming the real party in interest should be allowed to "avoid forfeitures of just claims."

In sum, the legislative history of ORCP 26 A, the Supreme Court cases interpreting the analogous federal rule (FRCP 17(a)) before ORCP 26 A was adopted, and the Advisory Committee notes on amendments to the analogous federal rules adopted before the Oregon Rules of Civil Procedure were promulgated in 1978, all support the proposition that a request to substitute the real party in interest requires an amendment to the pleadings, and that such a request should be governed by the lenient standards governing leave to amend the pleadings to avoid dismissal or forfeiture of just claims.

D.   *Summary and Application to This Case*

          The foregoing analysis of the text, context, and
legislative history of ORCP 26 A leads us to conclude that,
because a motion to substitute the real party in interest as
the plaintiff under ORCP 26 A, if granted, would require
plaintiff to amend her pleadings under ORCP 23 A, the stan-
dards governing a request for leave to amend under ORCP
23 A should apply. It is settled in Oregon that the main
inquiry in applying the standard stated in ORCP 23 A—
leave shall be freely granted when justice so requires—is
whether allowing the amendment would cause unfair preju-
dice to the nonmoving party. Applying that same standard
in determining whether to allow the real party in interest to
be substituted as the plaintiff makes sense in this context.

          The trial court and Court of Appeals, taking guid-
ance from some of the general principles federal courts have
articulated in addressing FRCP 17(a), focused on whether
plaintiff acted honestly and in good faith, and whether
her actions amounted to an understandable mistake.
Dismissing the case for what the trial court believed to be
plaintiff's calculated decision to attempt to discharge her
debts in bankruptcy and then reap the benefits of pursuing
her employment claims attempts to punish the plaintiff for
dishonest conduct regardless of whether that conduct was
unfairly prejudicial to the defendant.

          The federal appellate courts addressing that spe-
cific scenario—a debtor failing to disclose or wrongly con-
cealing a claim during bankruptcy proceedings—have typ-
ically addressed the issue in deciding a motion to dismiss
or for summary judgment on judicial estoppel grounds, not
in deciding whether to allow substitution of the bankruptcy
trustee as the real party in interest.[7] And the federal appel-
late courts have taken somewhat different approaches on
judicial estoppel in this context. In *Ah Quin*, for example,

----

[7] The Second Circuit case cited by plaintiff stated in a different context—not
a claim concealed in a bankruptcy filing—that substitution of the real party in
interest under FRCP 17(a) "should be liberally allowed when the change is merely
formal and in no way alters the original complaint's factual allegations" and that
substitution should be denied "if it is being proposed in bad faith or in an effort
to deceive or prejudice the defendants." *Klein*, 906 F3d at 226 (internal quotation
marks omitted).

the plaintiff brought employment discrimination claims against her employer, filed for Chapter 7 bankruptcy protection while her employment action was pending, and failed to list her employment discrimination claims in her bankruptcy schedules. 733 F3d at 269. The district court granted summary judgment to the defendant on judicial estoppel grounds, but the Ninth Circuit reversed. *Id.* The court explained that, under *New Hampshire v. Maine*, 532 US 742, 753, 121 S Ct 1808, 149 L Ed 2d 968 (2001), judicial estoppel may not apply "when a party's prior position was based on inadvertence or mistake," *Ah Quin*, 733 F3d at 271, and a "key factor" in determining what constituted "inadvertence or mistake" in a bankruptcy filing was the fact that plaintiff "reopened her bankruptcy proceedings and filed amended bankruptcy schedules that properly listed [her employment] claim as an asset." *Id.* at 272.

The Ninth Circuit acknowledged that its test for determining whether the filing constituted "inadvertence or mistake" "differ[ed] from the test articulated by most of [its] sister circuits." *Id.* at 277. The court explained that the other circuits "have asked not whether the debtor's omission of the pending claim from the bankruptcy schedules was inadvertent or mistaken; instead, they have asked only whether the debtor knew about the claim when he or she filed the bankruptcy schedules and whether the debtor had a motive to conceal the claim." *Id.* at 271 (citing *Eastman v. Union Pacific R. Co.*, 493 F3d 1151, 1157 (10th Cir 2007), and other cases). The court remanded the case to the trial court to decide whether the debtor's action was inadvertent or mistaken under the Ninth Circuit's standard. *Ah Quin*, 733 F3d at 279.

The Fifth Circuit took a different approach in *Reed v. City of Arlington*, 650 F3d 571, 579 (5th Cir 2011), holding that, although judicial estoppel may preclude a debtor from benefitting from a concealed claim, judicial estoppel simply did not apply against a bankruptcy trustee who was substituted as the real party in interest because "an innocent bankruptcy trustee may pursue for the benefit of creditors a judgment or cause of action that the debtor—having concealed that asset during bankruptcy—is himself estopped from pursuing." The

court explained that "estopping the trustee would unnecessarily deny the estate's innocent creditors their right to seek some share of the recovery." *Id.* at 577.

The Eleventh Circuit took another approach in *Parker v. Wendy's Intern., Inc.*, 365 F3d 1268 (11th Cir 2004). In that case, the defendant moved to dismiss plaintiff Parker's employment discrimination claim on judicial estoppel grounds after discovering that Parker had failed to disclose the claim in her Chapter 7 bankruptcy filings. *Id.* at 1270. The trial court granted the motion, and the bankruptcy trustee—who had intervened in the case—appealed, contending that, even if judicial estoppel precluded Parker from pursuing the claim, it should not bar the trustee from pursuing the claim on behalf of Parker's creditors. *Id.* at 1272. The Eleventh Circuit concluded that "judicial estoppel should not be applied at all" because the bankruptcy trustee "became the real party in interest in Parker's discrimination suit" when Parker filed her bankruptcy petition, so Parker could not personally benefit from the claim and the trustee "cannot now be judicially estopped from pursuing it." *Id.*

In any event, regardless of the approaches taken by the various federal circuit courts on the issue of judicial estoppel and even if estoppel might be available against plaintiff under these facts, any need to penalize plaintiff for conduct that the trial court believed was "calculated" or otherwise "dishonest" or in bad faith could and should be accomplished by preventing *her* from benefitting from her conduct, rather than by denying substitution of the trustee as the real party in interest. Although denying substitution in this context might penalize plaintiff if resolution of her claims yielded a surplus that went to her, denial primarily penalizes plaintiff's creditors by denying them any opportunity for recovery. Dismissing the action based on the plaintiff's "dishonesty" rather than allowing substitution thus benefits defendant, thereby avoiding the resolution of potentially just claims on the merits—contrary to the policy in ORCP 1 B—even though defendant does not contend that it would be unfairly prejudiced by substitution on these facts.

As explained above, when addressing a motion to amend a complaint to substitute the real party in interest,

the intended focus of ORCP 26 A—like that of ORCP 23 A, as we stated in *Eklof*—is whether substitution would be unfairly prejudicial to the defendant, not whether the plaintiff's conduct was "honest," "understandable," or otherwise worthy of punishment. Depending on the context, whether a plaintiff's conduct was "honest" or "understandable" may be a consideration for judicial estoppel or other mechanisms to ensure that a plaintiff does not personally benefit from dishonest conduct, but it is not germane to deciding whether to allow substitution of the real party in interest under ORCP 26 A. Because the trial court did not apply the correct standard, it abused its discretion in denying substitution of the bankruptcy trustee as the plaintiff and dismissing this action. *See Espinoza v. Evergreen Helicopters, Inc.*, 359 Or 63, 116-17, 376 P3d 960 (2016) (trial court abuses its discretion if its decision is "guided by the wrong substantive standard").

## III.  CONCLUSION

The primary consideration driving the exercise of discretion in addressing a request to substitute the real party in interest as the named plaintiff under ORCP 26 A is determining whether allowing substitution would be unfairly prejudicial to the adverse party. Here, the adverse party is defendant. Defendant does not contend that it would be unfairly prejudiced if substitution had been granted in this case. Thus, because the trial court applied the wrong standard, and because defendant would not be unfairly prejudiced by substitution, the court abused its discretion in denying substitution and dismissing this case.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.